Case No. 15-3906 Chavonne Printup v. Director OH Dept. of Job and Family Services et al. Rule argument not to exceed 15 minutes per side. Mr. Christopher Pagan for the appellant. Thank you. Good morning. May it please the court. Counsel for Butler County. I would like to reserve 4 minutes for rebuttal please. We have two claims that we presented to the district court. I think that's an important first point because the district court's decision dismissing this case indicated that it believed that there was a single claim. You need to have the claims parsed out in order to make a fair and accurate and appropriate determination about the statute of limitations that applies to each claim. Our two claims were one procedural due process and then a second claim substantive due process. Importantly, those are two different claims because one deals with inadequate process and the second deals with constitutional injury for arbitrary behavior irrespective of process. And we think we have, we stated both those claims and both are present on the facts in our complaint. Let me go back, circle back to the procedural due process claim because it is of a certain piece, a unique one, and it's called a stigma plus procedural due process claim. It contains, to my research and to what we're arguing here, four particular elements. It's a Monell claim, so the first element would be failure to train. And we claim here that the hearing officer that heard this case received absolutely zero training in being a hearing officer and that was reflected in his decision. Apart from that element, we have to prove a stigma and a plus and also insufficient procedure. The error that the district court made and that I believe that my opponent makes in arguing to you about the failure to satisfy the statute of limitations in this case, mainly regards the fourth element and that's procedural insufficiency. The last action in this case that dealt with procedural insufficiency was 2-11-13 and that is when the state administrative hearing officer issued his unlawful and arbitrary decision. Are you saying that that is the last unlawful action? But if this is a stigma plus based on a failure to train the hearing officer, isn't that the only wrong that was done? I mean, or is your claim a broader claim than failure to train the hearing officer? Now, with regard to, there are two claims. The one that we're talking about now. Well, I think there are two aspects to the procedural due process claim. One is the failure to train the hearing officer and then secondly the failure to train the social workers about the law with respect to child abuse in Ohio, but specifically with respect to the use of child restraints that are specifically authorized by state law and that was the gist of their complaint here, that any type of child restraints in any circumstances constitute child abuse. Aren't those two separate claims? What did the hearing officer do wrong? What did the social workers do wrong? Right, but they're both related to procedural due process and the stigma plus. So I think that we have two distinct procedural due process stigma plus claims, one directed at the hearing officer and then one directed at the social worker. And while you're on that point, I think that the same thing applies to substantive due process because that also is a Monell claim and it contains two distinct parts as well, one directed at the hearing officer and one directed at the social workers. Because if we're successful here and we go back to the district court, we'll be able to elicit evidence that there was absolutely no training, zero training. And I was able to get their training records prior to trial, so I say that with some confidence. If a hearing officer or similar state official has no training but reaches a correct result, I suppose you would say then there's been a constitutional wrong but no injury? Yeah, potentially. I mean, I think that would knock out my substantive due process claim for sure. Why? Because I would have to make an element that there was the infliction of arbitrary injury. And if he was not trained but got it right, I don't think I could make that claim. But you make a good point. Thankfully, it's not present on this case because not only was he not trained, but he got it so wrong that we think it constitutes a constitutional injury. I mean, let me just tell you what the hearing officer did in this case. He didn't cite to any law. He didn't apply any law to facts. He issued a public policy declaration from his position as an administrative hearing officer and made a decree that all child restraints in any circumstance constitutes child abuse under Ohio law, despite the fact that Ohio law specifically permits it and despite the fact that on our facts my client here was potentially saving this child's life and protecting herself and her staff and other children from harm. Now, accepting all of that is true, what distinguishes what you just described as a constitutional wrong from a legal error? How do we tell when a decision maker has passed from just wrong, which judges are sometimes and hearing officers and lawyers, to constitutional wrong? What are the elements there that distinguish one from the other? Right. I think in thinking about this case, I think that the procedure itself is tainted by the lack of training. I mean, we'll start off with the statute itself or the administrative code. It doesn't have specific information about how Butler County is supposed to conduct these hearings, so it's wide open for them, and they've decided to conduct hearings not using a lawyer and not training. I realize we're in a different situation with a state officer versus a county or municipal officer, but what if a judge, her entire career as a prosecutor, and then she gets appointed or elected to the bench, and the first civil case before her, she just screws up terribly, never done anything on the civil side. That happens. Is that a constitutional wrong? No. I think the Supreme Court said no, and I can't remember the name of the case, but it was the case that came out of New Orleans in which it was a Brady claim, and the plaintiffs made the claim that none of the prosecutors in New Orleans had been trained specifically for their Brady violations and that there should be a Monell liability to New Orleans and that parish for failure to train on Brady, and the Supreme Court's response was they're lawyers, right? So they get training, and maybe they've screwed up here and again on particular Brady cases. Well, my hypothetical contemplates a state-sanctioned decision-maker such as a hearing officer or a judge. But I think there's a difference, and I'm trying to build on your hypothetical. I think so, too, from the lawyer Brady situation. I mean, if you have a judge that's gone to law school and has tried cases and then is put in a position where they're seeing different types of cases, that's one thing, but when you have a social worker with absolutely no training who's then asked to decide cases, hear evidence, decide what the law is, apply law, and then screws that up, I think that that's just of a different piece. Wasn't there then the right to appeal to a court? Yes and no. Did the court overturn the hearing officer's decision? In this case, that's an interesting question. And in this case, I did have the right to do it. I took what's called an administrative appeal to a state judge and then got relief about a year later. So correct. I think this is fairly typical of some states that have lay people deciding what are considered to be relatively minor matters and then have the right to appeal to a court or to have review by a court. Right. So why doesn't that cure any defect? Well, first of all, I don't think that I did have the right to do what I did. And the fact that I was allowed to do it was because I had a sympathetic prosecutor on the other side who felt like Siobhan, my client, had gotten a bad deal. And he didn't raise law that is existing in Ohio law that says you don't have a state administrative appeal from these child abuse decisions. But putting that aside, I got it. Wait a minute. Yeah. Under most states' law, administrative decisions, you can seek review of those in a state court. Right. The administrative code in this particular case says you can't. Well, I mean, is that flawed in some way? Could you have challenged the administrative code as well as the substantive decision? I guess I could, but it doesn't apply to my facts because I did get the appeal to the state court because the state prosecutor waived it. Well, I mean, clearly the availability of process goes to the procedural due process. It does. But it probably goes to the substantive due process claim as well, at least as to any injury. Right. I guess, and I thought about this point last night because we haven't litigated it below, but I guess my response would be it's not timely because from my client's point of view, she went before an administrative judge who was untrained, who the state judge said acted arbitrarily, lost her job and never got it back. And by the time she got to court, it was a year later, and the damage was done. Now, when did she lose her job? Wasn't it before the hearing officer decided the case? Temporarily. But she was able, there was a state, there was a procedure at St. Aloysius that allowed her to be reinstated if the hearing officer would have dismissed the indicated abuse. And when he sustained the finding, she lost her job permanently. And St. Aloysius staff and its director actually appeared at the hearing in support of her to explain the policies about child restraints and the like because they wanted her back at the job, but ultimately that wasn't successful. Is she free to go back there, I mean, to apply for a vacancy now? When we got the, yes, she could, but the job had been filled. So it wasn't available to her. Well, I understand that particular job. She's moved on to a different job now that her other job wasn't available to her. She didn't want to take one that was paid less. I'm running out of time, so I think I'll just sit down now and then come back in four minutes. Is there a reason you didn't sue the hearing officer in his individual capacity? Yes. I think that he's absolutely immune. I'm sorry? It was my sense that he was absolutely immune as a hearing officer. The way judges have absolute immunity and staff associated with judges, I felt like that that was the case. Thank you. Thank you. Good morning. May it please the Court, Counsel, David Riefenhoff for the appellee, Butler County. And Butler County is the only remaining defendant in the case. The plaintiff did bring an action against the director of the Ohio Department of Job and Family Services for injunctive relief, but that entity was dismissed on the district court's record as they informed the court that the relief, the plaintiff was seeking removal of the plaintiff from the central registry, had already been completed by the time the suit was filed. As to Delaware County, plaintiff defines the harm in her complaint, and it's a discrete injury. She says in her complaint, paragraph 18, that the social workers investigated and they placed her on the registry. And in paragraph 21, she pleads the plus element of her stigma plus claim, which is that she lost her job as a result. And she obviously knew about this harm because she appealed it to the hearing officer. So the disposition under state law of her on the central registry as being indicated for child abuse had already occurred, and she, by her own complaint, was aware of it. It's Butler County's position, as to the statute of limitations claim, that whatever Mr. Morrison, the hearing officer's role was, that was a state administrative process, a review. It was part of her appellate process. And that's defined in Ohio law as we cite in our brief. We cite through the Ohio Administrative Code that sets forth two components. One is the investigator's obligation, social worker's obligation, and two is a dispositional appeal after the disposition had already been made. Under Supreme Court precedent, Section 1983 claims are separate and distinct from state administrative remedies. In other words, she need not wait until the disposition of the remedy of her appeals through the state administrative process to file a claim. Do you agree with counsel that Ohio law affirmatively prohibits judicial review in these circumstances? I don't agree. And it was just a matter of grace here? I don't agree because the plaintiff took an appeal. But the plaintiff says it was only as a matter of grace by the lawyer on the other side. And I haven't exhaustively researched that issue because the Court of Common Pleas took it under an administrative appellate process, Ohio's Administrative Procedure Act called Revised Code 2506. The court reviews the decision and issued a decision saying there wasn't substantial evidence on the record for them to confirm it. But that's, again, a judicial remedy. She pursued it. There's this claim that was raised, at least in this oral argument, of a failure to train the hearing officer, which in my mind could not have been barred by the statute of limitations because that didn't occur until the hearing officer actually holds the hearing or reaches a decision. How would you respond to that issue? Judge Moore, the hearing officer has no authority to substantiate a claim that had already been unsubstantiated. The hearing officer's sole role is in the process of a disposition appeal. I don't know that that goes to answering the question, but keep on. Sure, and what I mean by that is that whatever the hearing officer had done, whether the county inadequately trained the hearing officer or not, the harm had occurred. No, the harm is in having the hearing officer not be trained. This is what they're alleging, that the hearing officer not being trained results in an adverse decision by the hearing officer. Now, this may or may not be a good claim, but why isn't it timely? Our viewpoint is it's not timely because the hearing officer's role, and what we've said in our appellee's brief, is that the hearing officer's role is irrelevant to her claim. Well, now, wait a minute. She's claiming, putting aside what she's claiming against the social workers, read generously her complaint also alleges a substantive due process violation against the county based on the conduct of the hearing officer. The county's culpability is based on, allegedly, its failure to train the hearing officer so that he was, in fact, competent to do the job he was called upon to do, and that's the alleged harm, and that didn't occur until the hearing occurred, and the damage that would come from that would arguably be just the continued stigma plus the inability to get her job back. Understood, Judge Gibbons, and I fully appreciate the appellee's argument and your position on that. Our position is that the hearing officer's role is not something that could cause a constitutional violation in this sense. So, to Judge Davis's question to counsel, what if the hearing officer had reached a different decision, had reached a bad decision but had been trained? The Kenton v. Harris, the U.S. Supreme Court, said that it goes beyond just failure to train. The municipality, Butler County in this instance, has to have been deliberately indifferent to the rights of its inhabitants, and as the district court found on page 9 of its opinion, that the plaintiff's complaint does not go far enough to allege that variety of a due process claim. One could argue, whether it's ultimately a good argument or not, that child abuse is different because the stigma is inherently great, and the consequences are great because of the existence of this registry, and so arguably a governmental entity would know of the importance of having trained and competent people, and that knowledge, arguably, if no training occurred, could go beyond mere negligence. And that would be, I think, the claim. What do you respond to that? And I think, Judge Gibbons, it would have to go even further, and under Kenton v. Harris, the plaintiff would have to plead and prove that the county was deliberately indifferent. Well, I'm equating the knowledge of the harm and the, coupled with that failure, I mean, I didn't use the words deliberate indifference, but I'm saying that probably the knowledge plus, or arguably, the knowledge plus the failure to act in those circumstances might be characterized as deliberate indifference rather than simple negligence. Understood, and our argument would be that, for instance, another Sixth Circuit panel in Kovacic had, well, I don't think this goes to your question, so I'll save that, but our belief was that under the way the plaintiff's complaint is pled, it didn't sufficiently define that as a claim for the hearing officer, and even if it did, the plaintiff in her complaint defines her harm by saying that, for instance, paragraph 36, that the Butler County, through its policy of failing to train social workers, deprived her of her substantive due process, and that in paragraphs 34 and 35, which I think are what the appellant is focusing on, says that the harm is by designating her as a child abuser on the central registry. So that's the way the plaintiff has defined her harm, and I fully appreciate that. Do you think that should be read as meaning only the initial designation, not the continued designation? I do. I do. Could that be fixed through an amended complaint? Well, possibly. I think it possibly could. And, you know, it seems to me that to say the failure to insert an adjective means that your view of what it means has to be the correct one. Understood. But, you know, I would ask the panel to consider some other Sixth Circuit panels, how they've addressed similar situations. In the Kovacic case we cited in our appellee's brief, the plaintiff's children were removed from her home involuntarily, followed by a next-day hearing that she had whether or not they could have taken her children. And the Sixth Circuit panel held that the precipitating event was the removal of her children from her home, not the outcome of the subsequent appellate process that culminated ten months later with her getting her children back. And she filed her claim more than two years beyond the date that her children were removed from the home, and so the Sixth Circuit panel found that that was barred. Similarly, in Bishop, another case we cited in our brief, Bishop was a minor child expelled from a school. And to begin with, the panel analyzed the harm, and the harm was a discrete injury at the time the parents learned that the child was expelled. And so they found that that discrete injury started the running of the statute of limitations when the child was expelled, not in a culmination of the appellate process through the Department of Education, the Higher Department of Education about it. Now, in that case, as a footnote, or as a caveat to our argument here, there was a minor party, and so Ohio's tolling statute had a minor tolling provision, which started the claim along. But the Sixth Circuit panel found that the operative injury here was the child being expelled from the school, not the culmination of the state administrative process. I guess I'm still having some difficulty with your responses to our questions focused on the harm occasioned by the hearing officer's decision. Could you just focus on that? I think you, in response to our more recent questions, conceived that an amended complaint could actually state, arguably state a constitutional claim if the magic words deliberate indifference were inserted and maybe a couple of additional facts were added to an amended complaint. And yet the district court here dismissed that claim with prejudice. So it sounds like it could be repaired through an amended complaint. Well, I apologize for the seeming equivocation, Judge Davis. And if that's the outcome of the argument, I think probably they could amend a complaint. But our belief is that it is a nullity because the harm had already occurred, the outcome of the hearing officer's decision and the appellee's argument. But that sort of goes to an argument other than limitations. I mean, we're here only on the district court's decision on limitations. And surely limitations hadn't run on a claim, if any exists, arising out of the decision by the hearing officer because that clearly was within limitations. The hearing officer's decision was clearly within the limitations. Right. Absolutely. Okay. And appellees are arguing, Judge Davis, that the hearing officer's decision wasn't self-harm. Afflicted no harm. Afflicted no harm, right. And we pled our motion under a failure to state a claim upon which relief can be granted. And the district court on page 9 stated that the way the complaint was pled, that the plaintiff didn't state a harm. But didn't grant leave to amend. It did not. And the plaintiff didn't ask for leave to amend. I think it's also important in the procedural history that this was alternatively a Rule 12C motion for judgment on the pleadings because the district court's record shows that the court had set an amended pleading schedule which elapsed, after which the appellees filed their motion to dismiss below. And you answered. We did answer. You filed an answer. Yes. So there was no automatic right to an amended complaint. And as you point out, the plaintiff didn't ask for leave to amend. The plaintiff didn't ask for leave to amend. And further, the district court's scheduling order had established a date for amendment that was never. Well, that was before the district court ruled on the motion. It was. Can I ask you a factual question about the, well, maybe not just a factual question, but a question about the county's status as a suable entity. How are counties in Ohio any different from counties elsewhere other than the existence of this state statute? I mean, they're typically, you say, well, it's not a corporate body. Well, typically counties are not corporations. Municipalities are, but counties aren't. So what's different about, if anything, about counties in Ohio? Well, I can only speak to counties in Ohio, but as to them, the county government structure is set up by having separate appointing authorities. So to anchor that to the plaintiff's claim here, the plaintiff is claiming that some actor, some appointee. Is there a chief executive officer in the county? There is not. There is a board of county commissioners. The three county commissioners are separately elected office holders who comprise of this legislative body. There is a separately elected sheriff, a separately elected engineer, a separately elected treasurer, and on and on. And these comprise of the units of the local government. Well, and the social workers here and the hearing officer are employed by who, where, and the structure? The board of county commissioners appoints those employees. And they get a paycheck from the board and they? Well, yeah. The board acts as an executive? The board of county commissioners is the appointing authority. The checks are all generated from the auditor's office as the fiscal agent, but the board is, under Ohio law, is the appointing authority. They appoint the director of the job and family services and the employees below, including the social workers and the hearing officer here. How can the Ohio statute preclude 1983 liability without violating the supremacy clause? We don't believe it does. You don't believe it does what? That it violates Section 1983. Section 1983 says you can bring a claim against a person, but naming a county doesn't have, as it's named, the ability to manage its affairs. It's managed through the elected board of county commissioners or, you know, for a sheriff's office. Well, you know, for example, in Tennessee, you wouldn't sue the county mayor, although there is one. You wouldn't sue the county commissioners, although they exist. You would sue the county. And that's because the county is a recognizable entity. And it's hard to believe that this county, I mean, doesn't have some status as a legal entity. I think it makes more sense, Judge Gibbons, when you look at... I mean, I think the counties in a state are typically established by state statute. The county jurisdictional entities are... Right, and so Butler County would be a recognized entity within the state without regard to this particular provision. They would be, except for the who is going to be, who is defined to have committed the harm. Under Monell, the plaintiff is supposed to have named or has to put us on notice of whose official policy, practice, or custom was the driving force behind the violation of the rights. I'm not sure the commissioners aren't like any other official who might be sued in an official capacity or they could individually be sued in a proper case in an individual capacity. I'm just having a little trouble wrestling with this. It is a difficult issue. The district courts below have gone both ways on it. Thank you. Thank you. I'll make three points and I'll sit down, maybe four. With respect to the issue of grace, if you look to Administrative Code 5101-23320, that's where the prohibition on appeals to common pleas are located. And there are two state court of appeals cases, one from Cuyahoga County, one from Franklin County, and I'm happy to supplement after oral argument to show you that there is state decisional law that says you can't take an appeal to common pleas from the child abuse administrative procedures. I know this specifically because Siobhan paid me to do the state appeal and I was very concerned that she had paid me for not. The hearing officer decision is final and not applicable in the general rule that you're stating? In Cuyahoga County and Franklin County, there are courts of appeals decisions that say that specifically. And in this case, the prosecutor was aware of that, but he was so disappointed in the hearing officer's decision that he told me that he wasn't going to raise the issue. I would like to make an effort at answering your question about I don't want to drag this out, but why would a common pleas judge aware of these? He wasn't aware. The prosecutor was. So the prosecutor didn't carry out a lawyer's responsibility to bring adverse law to the attention of the court? No, he took a pass on it. That's what happened. If you can give us the sites to these cases in a written... Yes, I'm happy to do it. And you didn't either? Not to put too much weight on it. I said she paid me to do the appeal. No, I didn't bring it to the... But you're an officer of the court. Yeah, right. All right, you don't have to respond. Right, and they're decisions out of Cuyahoga County and Franklin County, and I'm from Butler County. And so whether or not I had to bring to the court's attention other counties' decisions, I didn't. Well, Mr. Pagan, I think if you ever appear in the Fourth Circuit, you have an obligation. I'm an ethics counsel for Butler County, too. Anyway, I don't want to bog you down. Go ahead. Let me respond to your other point, and that was what if this judge not trained but made a right choice but had been... You don't have to respond to that, really. I'm really curious about the deliberate indifference point. Are you prepared to allege deliberate indifference? Well, I've read cases that say that the failure to train is just a substitute for deliberate indifference. Are you prepared to allege that in an amended complaint? Sure, I can do it. And why didn't you ask for a leave to amend? Because I don't think it's necessary. I think... Well, but if... Sorry, go ahead. If it is necessary, you're prepared to do that. Sure. Yeah, I mean, I think it's quibbling over nothing because the cases that I say say that Canton said... The Canton v. Harris case stands for the proposition that failure to train is deliberate indifference. But you probably wouldn't quibble too much if we thought you needed to amend. Whatever you say. You didn't object to the dismissal with prejudice, did you? Did you seek anything from... I filed a motion memorandum in opposition to their claim that it was outside the statute of limitations. That's what I did to protect the record. So I think that's what I did. And the district court found that... It made two findings. One, that the statute of limitations was expired. And two, that we didn't get into, indicated that I didn't allege a sufficient policy because all I did was, according to the district court, indicate that there was a single instance of constitutional injury. And they said that's not... The district court said that's not sufficient for policy. But there's cases out of the Sixth Circuit that stand for the proposition that a single constitutional injury can constitute a policy in practice. Well, but as a general matter, the district court was correct on that point. Right, but I think there's an exception that says that when the task is reoccurring, and here child abuse hearings are reoccurring, there are hundreds of them a year. Well, yeah, but we don't know if violations are occurring. But maybe... Sure. I mean, these are extreme facts. I mean, that's why I brought this case. I mean, they're probably... Most of the time, they're probably right because there is abuse, and it's bad, but not this case. But the exception to policy in practice is that if a task, the hearing officer's task, is reoccurring and is foreseeable to the county, that the failure to train could result in constitutional injury, that that's a sufficient policy in practice. And so I'm relying on those cases from this court on that point of the district court's dismissal. I'm out of time. Thank you. Thank you both for your argument. The case will be submitted. Would the clerk call the next case, please?